## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02442-WYD-MJW

JOEL HUGHES,

        Plaintiff,

vs.

DENVER POLICE OFFICER WESLEY KVASNICKA and
THE CITY AND COUNTY OF DENVER, Jointly and Severally.

        Defendants.

---

### STIPULATION AND PROTECTIVE ORDER ( Docket No. 27-1 )

---

The parties, by and through their respective counsel, stipulate and respectfully move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined) as follows:

1.    The Parties anticipate seeking Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions and other proceedings in this action. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and respectfully request that the Court issue this Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2.     "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom that contains information that is confidential and implicates common law and/or statutory privilege interests, statutory privacy interests, and/or designated by one of the Parties in the manner provided in paragraph 4 below as containing Confidential Information, including, but not limited to:

   a.  Officer Kvasnicka's personnel records; and

   b.  any documents containing confidential information relating to third parties.

3.     Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

   a.  By imprinting the word "Confidential" on the first page or cover of any document produced;

   b.  By imprinting the word "Confidential" next to or above any response to a discovery request; and

   c.  With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten (10) calendar days after receipt of the transcribed testimony.

4.     Any information designated by a Party as Confidential Information subject to this Protective Order will first be reviewed by an attorney for the Party who will confirm that the designation as Confidential is based upon a good faith belief that the information is confidential or otherwise entitled to protection.

2

5.     All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a.  It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b.  It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

6.     Confidential Information, without the consent of the party producing it or further Order of the Court, shall not be disclosed except that such information may be disclosed to:

    a.     attorneys actively working on this case, and persons regularly employed by or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    b.     expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    c.     the parties and designated representatives for the entity Defendants;

    d.     deponents, witnesses, or potential witnesses;

    e.     the Court and its employees ("Court Personnel");

3

f.      stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

g.      members of a jury or other finder(s) of fact ("Finders of Fact");

h.      other persons by written agreement of the parties.

7.      Prior to disclosing any Confidential Information, counsel shall provide such person with a copy of this Protective Order and obtain from such person a written affidavit stating that he or she has read this Protective Order and agrees to be bound by its provisions.   The affidavit form is attached hereto as Attachment A.   All such affidavits shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.   If a person refuses to execute the affidavit form attached hereto then counsel for the parties may confer with each other in order to attempt to informally resolve any such refusal. Persons described in Paragraphs 6(a), 6(b), 6(e), 6(f) and 6(g) of this Protective Order shall not be required to execute an affidavit.

8.      The Party or Party's counsel who discloses Confidential Information shall be responsible for ensuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients on Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

9.      During the pendency of this action, opposing counsel may upon court order or agreement of the Parties inspect the list maintained by counsel pursuant to

4

paragraph 7 above upon showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable to otherwise identify the source of the disclosure.  If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms conditions deemed appropriate by the Court.

10.    No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation for work product purposes, including for review by experts in this case or for the attachment of copies of confidential documents to motions and submissions to the court by a party in accordance with D.C.COLO.LCivR 7.2. Any such copies shall be made and used solely for purposes of this litigation.

11.    Except as elsewhere provided in this Stipulation and Protective Order, during the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 10 above.

12.    A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, or longer if the parties mutually agree to a longer time to discuss any pending dispute, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as Confidential under this

5

Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as confidential in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

14.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, ~~even after this action is terminated.~~ until Termination of this case.

15.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

16.     The parties agree that in the event information or documentation is inadvertently disclosed to an opposing party, any information or documentation so disclosed shall be immediately returned to the producing party without any copies being made or notes being taken regarding said information/documentation by those who have received the inadvertent disclosure.  Further, the parties agree that no recipient of

6

inadvertently disclosed information or documentation shall utilize such information/documentation or any fruits derived therefrom for the purpose of this litigation and that the inadvertent disclosure of information or documentation shall not constitute a waiver of any privilege that may otherwise apply.

17.     The Parties agree that the terms and conditions in this Protective Order survive the termination of this litigation.  Upon conclusion of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order or, at the option of the receiving party, certify that all copies have been destroyed.

18.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.  This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

19.     Nothing in this Stipulation and Protective Order shall relieve any party of its obligation under Fed.R.Civ.P. 26(b)(5) to prepare and provide a privilege log.

DATED this 2 8 TH day of _____August_____, 2012.

BY THE COURT:

_____

Michael J. Watanabe
United States Magistrate Judge

**STIPULATED AND AGREED TO:**

By: *s/ Timothy D. Edstrom*
Timothy D. Edstrom
Douglas L. Romero
The Law Offices of Douglas Romero
200 S. Sheridan Blvd, Suite 150
Denver, CO 80226
Telephone: 303.934.7500
Email: timedstrom@coloradochristiandefensecounsel.com
*Attorneys for Plaintiff*


By: *s/ Joseph Rivera*
Joseph Rivera
Office of the Denver City Attorney
Litigation Section
201 West Colfax Ave., Dept. 1108
Denver, Colorado 80202
Telephone: (720) 913-3100
Email: dlefiling.litigation@denvergov.org
*Attorney for Defendants*

**EXHIBIT A: AFFIDAVIT**

STATE OF COLORADO      )
                                 ) ss
COUNTY OF_____  )

_____, swears of affirms and states under penalty

of perjury:

      1.    I have been informed by _____, Esq., counsel

for _____, that the categories of documents described

in the list attached to this Affidavit are Confidential Information as defined in the

attached Protective Order.

      2.    I have read the attached Stipulated Protective Order in *Hughes v.*

*Kvasnicka, et. al.,* Civil Action No. 11-cv-2442-WYD-MJW, understand its contents, and

agree not to make any disclosures of information, documents, tangible things,

testimony, or other data marked or identified and produced as Confidential Material in

this litigation to any person who is not permitted to have access under the Protective

Order.  I further agree to use information, documents, tangible things, testimony, or

other data identified and produced as Confidential Information solely for purposes of this

litigation.

      3.    I will abide by the terms of the Protective Order.

      4.    I promise that I have not and will not divulge, or undertake to divulge to

any person or recording device any Confidential Information shown or told to me except

as authorized in the Protective Order.  I will not use the Confidential Information for any

purpose other than this litigation.

5.      For the purpose of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.  I agree that any dispute concerning enforcement of this Agreement may be decided by the Magistrate Judge or District Court Judge in the above referenced litigation.

_____ (Signature)

_____ (Print or Type Name)

Address:_____

Telephone No.: (_____) _____

**_SUBSCRIBED   AND   SWORN_** to before me this _____ day of _____, 2012 by _____.

WITNESS my hand and official seal.

      [SEAL]                                    _____
                                               Notary Public

My commission expires:_____

2