IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.  11-cv-02442-WYD-MJW

JOEL HUGHES,

      Plaintiff,

v.

DENVER POLICE OFFICER WESLEY KVASNICKA; and
THE CITY AND COUNTY OF DENVER, Jointly and Severally,

      Defendants.

---

## ORDER ON SUMMARY JUDGMENT

---

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on Defendants' Motion for Summary

Judgment filed March 11, 2013.  Defendants assert that they are entitled to summary

judgment on Plaintiff's municipal liability claims.  They also assert that they are entitled

to qualified immunity on Plaintiff's excessive force claim, and that Plaintiff cannot show

any physical, mental, or emotional injury in connection with this claim.   A response to

the motion was filed on April 4, 2013, and a reply was filed on May 2, 2013.  Thus, the

motion is fully briefed.

II.    <u>FACTUAL BACKGROUND</u>

On March 1, 2011, Plaintiff contacted the Denver Police Department and

requested a civil standby.  The standby was requested to mediate a dispute between

him and the managers of his apartment complex regarding a billing dispute and eviction

notices that had been served on him.  Defendant, Denver Police Officer Kvasnicka ["Kvasnicka"], provided the requested civil standby.

Kvasnicka witnessed the conversation between the Plaintiff and office leasing staff.  Plaintiff verbally argued with the staff of the Cherry Creek Apartments regarding the monetary balance due notice.  At least one of the apartment complex managers did not want to discuss the billing dispute with Plaintiff.  Kvasnicka instructed Plaintiff to leave the apartment manager's office.  Plaintiff then informed Kvasnicka that he was going to obtain a video camera and return to the scene.

Kvasnicka placed Plaintiff under arrest and issued him a summons for violating D.R.M.C. §§ 38-31, Interference, §38-32, Resistance, and 38-89(a), Disturbing the Peace.  He charged Plaintiff with Disturbing the Peace, D.R.M.C. §38-89(a), because Plaintiff failed to comply with his request and leave the Cherry Creek Apartments on March 1, 2011.

Kvasnicka attempted to place Plaintiff into custody by grabbing his right arm. Plaintiff jumped forward after Kvasnicka grabbed his arm.  Kvasnicka's attempt to place Plaintiff into custody caused Plaintiff to be pushed into at least one wall and then down to the floor.

On June 2, 2011, Plaintiff pleaded guilty to the charge of Disturbing the Peace, D.R.M.C. §38-89(a).  Plaintiff filed his Complaint in the instant matter on September 16, 2011.

On October 16, 2012, Plaintiff filed his Responses to Defendants' Discovery to Plaintiff.  On November 16, 2012, due to Plaintiff's initial failure to appear at the

scheduled Independent Medical Examination and continued failure to supplement

discovery responses regarding his physical condition, Defendants moved for discovery

sanctions against Plaintiff.  Magistrate Judge Watanabe granted Defendants' motion for

sanctions in part, ordering that "Plaintiff is not permitted to seek and argue for personal

injuries and damages related thereto at trial."  (ECF No. 50.)

III.    ANALYSIS

    A.    Standard of Review

    Summary judgment may be granted where "the pleadings, depositions, answers

to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and the ... moving party is entitled to

judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "A fact is 'material' if, under the

governing law, it could have an effect on the outcome of the lawsuit."  *E.E.O.C. v.

Horizon/ CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000).  "A dispute over

a material fact is 'genuine' if a rational jury could find in favor of the nonmoving party on

the evidence presented."  *Id.*

    The burden of showing that no genuine issue of material fact exists is borne by

the moving party.  *Horizon/ CMS Healthcare Corp.*, 220 F.3d at 1190.  "'Only disputes

over facts that might affect the outcome of the suit under the governing law will properly

preclude the entry of summary judgment.'"  *Atl. Richfield Co. v. Farm Credit Bank of

Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted).  When applying the

summary judgment standard, the court must "'view the evidence and draw all

reasonable inferences therefrom in the light most favorable to the party opposing

– 3 –

summary judgment.'" *Id.* (quotation omitted).  All doubts must be resolved in favor of

the existence of triable issues of fact.  *Boren v. Sw. Bell Tel. Co.*, 933 F.2d 891, 892

(10th Cir. 1991).

B.     The Merits of Defendants' Motion

1.     Municipal Liability Claims

a.     Official Policy or Custom (Claim One)

Plaintiff's first claim sues the City and County of Denver ["Denver"] in connection

with its "policies, customs and usages" which allegedly "constituted deliberate

indifference and deprived Plaintiff of the right to be secure, in his person and house,

against unreasonable seizure. . . ."  (Compl. ¶ 15.)  I note that a municipality "may be

held liable under 42 U.S.C. § 1983 only for its own unconstitutional or illegal policies and

not for the tortious acts of its employees."  *Barney v. Pulsipher*, 143 F.3d 1299, 1307

(10th Cir. 1998).  Plaintiff must identify a municipal policy or custom and then show that

"'the official policy [or unofficial custom] is the moving force behind the injury alleged.'"

*Cacioppo v. Town of Vail, Colo.*, No. 12-1028, 2013 WL 3369069, at *2 (10th Cir. July 8,

2013) (quoting *Barney*, 143 F.3d at 1307).  Plaintiff "must then show 'that the policy was

enacted or maintained with deliberate indifference to an almost inevitable constitutional

injury.'"  *Id.* (quoting *id.*).  The Tenth Circuit "recently characterized these required

showings as three specific elements: '(1) official policy or custom, (2) causation, and (3)

state of mind.'"  *Id.* (quotation omitted).

As to the first requirement, "[a]n official policy or custom may take the form of:

'(1) a formal regulation or policy statement; (2) an informal custom amoun[ting] to a

– 4 –

widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions— and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.'" *Cacioppo*, 2013 WL 33690692, at *3 (quoting *Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010)).  Plaintiff posits both an official policy or custom and failure to train as the basis for his claim.  I discuss the failure to train claim in connection with Claim Three.

I note that Plaintiff did not identify any official policy or custom in connection with the statement of facts—he admitted all of Defendants' facts and did not present any facts, or evidence, of his own.  This alone would appear to require summary judgment on the municipal liability claim related to a policy or custom.  Plaintiff argues, however, in response to the summary judgment motion "that the use of excessive force by an officer creates a genuine issue of material fact regarding whether the inability of the City and County of Denver to either remedy or properly investigate claims of excessive force reflect 'custom or usage' with the force of law through the acquiescence of the City and County of Denver."  (Pl.'s Resp. to Defs.' Mot. Summ. J. ["Resp."] ¶ 21.)  Plaintiff then argues that the causal link between the failure to remedy the pattern of misconduct of

the officer led to the constitutional violations Plaintiff contends he suffered at the hands
of the named defendant officer.

As Defendants note, Plaintiff posits his allegations of excessive force as evidence
of both (1) the municipal policy or custom, and (2) a direct causal link  between the
policy or custom and the alleged injury.  I agree with Defendants that this is not
sufficient to survive summary judgment.  First, Plaintiff has not identified any official
custom or policy in connection with this argument.  He did not allege a formal regulation
or policy statement, an informal custom amounting to a widespread practice, a decision
of employees of the municipality with final policymaking authority or the ratification by
such policymakers of the decisions.

Plaintiff did separately cite to C.R.S. § 18-1-707, repeated in Section 105 of the
Denver Police Department Operations Manual, which states that a "peace officer is
justified in using reasonable and appropriate physical force upon another person when
and to the extent that he reasonably believes it necessary: a. to effect an arrest or to
prevent the escape from custody of an arrested person unless he knows that the arrest
is unauthorized; or b. to defend himself or a third person from what he reasonably
believes to be the use of imminent use of physical force while effecting or attempting to
effect such an arrest or while preventing or attempting to prevent such an escape."
(*See* Resp. ¶ 23.)  It is unclear whether Plaintiff is alleging this is an official policy that
supports his municipal claim or in connection with his failure to train theory of municipal
liability.  Assuming Plaintiff is relying on this policy in connection with Claim One, it does

satisfy the first element of a municipal claim.  However, I find that Plaintiff has not

shown that the other elements are satisfied.

Thus, I find that Plaintiff has not established causation.  To establish causation,

"'the challenged policy or practice must be 'closely related to the violation of the

plaintiff's federally protected right.'"  *Cacioppo*, 2013 WL 33690692, at *3 (quotation

omitted).  Indeed, as noted previously, it must be the "moving force behind the injury

alleged." *Barney*, 143 F.3d at 1307.  This element "'is applied with especial rigor when

the municipal policy or practice is itself not unconstitutional, for example, when the

municipal liability claim is based upon inadequate training, supervision, [or] deficiencies

in hiring.'" *Id.* (quotation omitted).  Here, Plaintiff has not identified how any policy or

custom, including the policy related to the use of reasonable force, was the moving

force behind his injury.  Instead, he seems to assume that the policy was violated and

that this amounts "to automatic or *per se* proof of deliberate indifference." *Porro v.

Barnes*, 624 F.3d 1322, 1329 (10th Cir. 2010).  As in *Porro*, Plaintiff "never seeks to

explain how why the violation of the. . .policy. . .necessarily demonstrates deliberate

indifference to his constitutional" rights." *Id.* (emphasis omitted).  Indeed, the use of

reasonable force can comport with the Fourth Amendment.  *See Muehler v. Mena*, 544

U.S. 93, 98-99 (2005); *Graham v. Connor*, 490 U.S. 386, 396 (1989).

Plaintiff has also not demonstrated that "the municipal action was taken with

deliberate indifference as to its known or obvious consequences.'"  *Cacioppo*, 2013 WL

33690692, at *3 (quotation and internal quotation marks omitted).  This requirement

"'may be satisfied when the municipality has actual or constructive notice that its action

or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm.'" *Id.* (quoting *Barney,* 143 F.3d at 1307). "While notice in most instances is established by proving a pattern of tortious conduct, '[i]n a narrow range of circumstances, ... deliberate indifference may be found absent a pattern of unconstitutional behavior if a violation of federal rights is a highly predictable or plainly obvious consequence of a municipality's action or inaction[.]'" *Id.* (quotation omitted).

Here, Plaintiff has not shown a pattern of tortious conduct or that the actions complained of in this case were highly predictable or a plainly obvious consequence of the municipality's action/inaction. Indeed, since Plaintiff has presented no evidence at all, there is nothing to allow a reasonable fact finder to infer that the City and County of Denver had actual or constructive notice that its action or failure to act was substantially certain to result in a constitutional violation, or that it consciously or deliberately chose to disregard the risk of harm. Based on the foregoing, I grant summary judgment as to the municipal liability claim against the City and County of Denver based on an official policy or custom.

b.    Failure to Train or Supervise (Claim Three)

Plaintiff also asserts municipal liability based on a failure to properly train and supervise. Plaintiff argues as follows:

> A genuine issue of material fact exists as to whether the defendant officer was properly trained or supervised in his actions to Plaintiff. Plaintiff intends to testify that he did not present a physical threat necessitating the use of physical force. It will thus be contended by the plaintiff that the officer defendant, despite Plaintiff not being under investigation for any underlying criminal behavior nor posing a risk, being assaulted. This

reflects a failure to adequately train an officer with the Denver Police
Department in following the Operations Manual[.]

. . .

A genuine issue of material of material fact exists regarding whether or not
the actions of the officers in the case at issue were a part of a history of
unconstitutional conduct by the officers.

(Resp. ¶¶ 24, 26.)

Turning to my analysis, a plaintiff must prove five requirements in order to

succeed on a municipality's failure to train its police officers in the use of force.  *Carr v.*

*Castle,* 337 F.3d 1221, 1228 (10th Cir.2003).  "Specifically, a plaintiff must prove: "[1]

the training was in fact inadequate ... [;] [2] the officers exceeded constitutional

limitations on the use of force; [3] the use of force arose under circumstances that

constitute a usual and recurring situation[ ] with which police officers must deal; [4] the

inadequate training demonstrates a deliberate indifference on the part[ ] of the city

toward persons with whom the police officers come into contact[;] and [5] there is a

direct causal link between the constitutional deprivation and the inadequate training.'"

*Cacioppo*, 2013 WL 3369069, at *4 (quotations omitted).

In the case at hand, Plaintiff has not shown or presented evidence that training

was inadequate, nor did he identify how training was inadequate.  Instead, he seems to

assume that the use of force by Kvasnicka *ipso facto* means that Denver failed to train

or supervise him.  This is not adequate.  Plaintiff further failed to show that the use of

force arose under circumstances that constitute a usual and recurring situation with

which police officers must deal.  Accordingly, Plaintiff cannot show either that the

inadequate training demonstrates deliberate indifference on the part of the City and

County of Denver toward persons with whom the police officers come into contact, or that there is a direct causal link between the constitutional deprivation and the inadequate training.

In short, Plaintiff has not identified "'a specific deficiency that was obvious and 'closely related' to his injury, . . . so that it might fairly be said that the official policy or custom was both deliberately indifferent to his constitutional rights and the moving force behind his injury." *Porro*, 624 F.3d at 1328 (quotation omitted).  Accordingly, summary judgment is appropriate on the failure to train claim.  It is also appropriate to the extent Plaintiff asserts a claim based on failure to supervise or deficiencies in hiring as Plaintiff's argument as to this claim is conclusory and unsupported by any facts.  (*See* Resp., ¶¶ 24, 27.)  Summary judgment will thus be granted in favor of the municipality, the City and County of Denver.

2.     Excessive Force Claim Against Kvasnicka (Claim Two)

Plaintiff also asserts an excessive force claim against Kvasnicka.  Defendants argue, among other things, that summary judgment is appropriate on this claim because Plaintiff cannot show an actual injury.  *See Cortez v. McCauley*, 478 F.3d 1108, 1129 (10th Cir. 2007) (requiring "some actual injury that is not de minimis, be it emotional or physical" in connection with an excessive force claim).  That is due to the discovery sanctions imposed by Magistrate Judge Watanabe wherein he ordered that "Plaintiff is not permitted to seek and argue for personal injuries and damages related thereto at trial." (Minute Order of December 12, 2012, ECF No. 50.)

Turning to my analysis, I note that the Tenth Circuit has suggested that its holding in *Cortez* requiring an actual injury is limited to excessive force claims based on handcuffing. This is because "handcuffing itself is not necessarily an excessive use of force in connection with an arrest." *Fisher v. City of Las Cruces*, 584 F.3d 888, 897-98 (10th Cir. 2009). Thus, "a plaintiff must show actual injury in order to prove that the officer used excessive force in the course of applying handcuffs." *Id*. Nonetheless, the Tenth Circuit has made clear that while "'proof of *physical* injury manifested by visible cuts, bruises, abrasions or scars, is not an essential element'", an excessive force claim does require "actual harm whether it be 'physical or emotional.'" *Id*. (quoting *Cortez*, 478 F.3d at 1129 n. 25).

Plaintiff appears to concede in his response that the discovery sanctions imposed by Magistrate Watanabe preclude Plaintiff from presenting any evidence of physical or emotional damage (Resp. ¶ 36), but argues that he is still permitted to claim damages for a constitutional violation of his Fourth Amendment right against unreasonable search and seizure. Plaintiff's claim against Kvasnicka was, however, an excessive force claim. Without evidence of actual physical or emotional harm, this claim cannot survive summary judgment. Accordingly, the summary judgment motion must also be granted as to the excessive force claim against Defendant Kvasnicka.

III.    <u>CONCLUSION</u>

Based upon the foregoing, it is

ORDERED that Defendants' Motion for Summary Judgment (ECF No. 66) is **GRANTED**. The Clerk of Court shall enter judgment in favor of Defendants and against

Plaintiff.  The four-day jury trial set to commence on Monday, April 7, 2014, and the

Final Trial Preparation Conference set for Tuesday, March 18, 2014, at 10:00 are

**VACATED**.

      Dated:  January 6, 2014

                             BY THE COURT:


                             s/ Wiley Y. Daniel
                             Wiley Y. Daniel
                             Senior United States District Judge